# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 27, 2015

Robert P. Young, Jr.,
Chief Justice

150437-8

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

GABRIEL ANTONIO ALFARO,
     Defendant-Appellant.

SC: 150437-8
COA: 316827, 316829
Wayne CC: 12-010423-FC,
           12-010424-FC

_____/

On order of the Court, the application for leave to appeal the September 16, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, we VACATE the sentence of the Wayne Circuit Court for second-degree criminal sexual conduct (CSC II), and we REMAND this case to the trial court for resentencing on the defendant's conviction for CSC II. Even assuming, without deciding, that MCL 771.14(2)(e) addresses the duties of the trial court, the probation officer was required to calculate the sentencing guidelines range for CSC II, and the trial court was required to determine the applicable guidelines range. See MCL 777.21(2). MCL 771.14(2)(e) required the probation officer to include in the presentence report in this case both the "sentence grid . . . that contains the recommended minimum sentence range" and the "computation that determines" that range for all convictions for which a consecutive sentence was authorized. Because the acts of criminal sexual conduct in this case occurred in the same transaction, the court was authorized to impose a sentence for CSC II that is consecutive to the sentences for CSC I. MCL 750.520b(3). Because the defendant was being sentenced for a felony occurring after January 1, 1999, and subject to MCL 777.1 *et seq.*, the trial court is required to sentence the defendant within the appropriate sentencing guidelines range, or articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range. MCL 769.34(2); *People v Babcock*, 469 Mich 247 (2003).

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 27, 2015



Clerk

a0520